Chetram Billy **RAMNARINE**, Petitioner,

v.

Michael B. **MUKASEY**,[1] Attorney General, William Cleary, Acting Detention and Removal Field Office Director, Department of Homeland Security, Immigration and Customs Enforcement, Respondents.

No. 05–3258–ag.

United States Court of Appeals, Second Circuit.

Feb. 8, 2008.

Chetram Billy Ramnarine, New York, N.Y., pro se.

Gail Y. Mitchell, Assistant United States Attorney (Jessica Garbacz, Law Student Intern, on the brief), for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y., for Respondents.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Chetram Billy Ramnarine ("Ramnarine"), a native and citizen of Guyana, seeks review of a September 8, 1995 order of the BIA denying his application

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto Gonzales as the respondent in this case.

for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and vacating the order of the Immigration Judge ("IJ") that had granted his applications for relief from deportation under section 212(c) and adjustment of status under INA section 245, 8 U.S.C. § 1255. *In re Ramnarine,* No. A37 139 193 (B.I.A. Sept. 8, 1995). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA does "not adopt the decision of the IJ to any extent," we review the decision of the BIA alone. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Though we do not have jurisdiction "to review purely discretionary decisions" of the BIA, *Noble v. Keisler,* 505 F.3d 73, 77 (2d Cir.2007), we may review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D).

The government contends that we do not have jurisdiction to consider Ramnarine's petition. We do, however, have jurisdiction to determine our jurisdiction. *Kuhali v. Reno,* 266 F.3d 93, 100 (2d Cir. 2001). To the extent that Ramnarine argues that the BIA made an error of law in reviewing the IJ's findings *de novo* in its September 8, 1995 order, that argument is meritless, since at that time the BIA had the authority to do just that. *See Jian Xing Huang v. INS,* 421 F.3d 125, 127 (2d Cir.2005). To the extent Ramnarine contends, instead, that the BIA applied the wrong standard in its *de novo* review, this case is covered by our recent decision in *Noble. See Noble,* 505 F.3d at 78. Although we may have jurisdiction in some circumstances to review whether the BIA applied a legally erroneous standard of review, in this instance, Ramnarine's argu-

ment is best characterized as challenging the agency's discretionary determination, and, therefore, "beyond our jurisdiction." *Id.* Ramnarine's remaining contentions, relevant to his application for adjustment of status, are moot, having been rendered so by the discretionary denial of the section 212(c) waiver. *See Ruiz–Almanzar v. Ridge,* 485 F.3d 193, 198 (2d Cir.2007).

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.